**Jimmy Lang WATSON, Plaintiff,**

v.

**The CITY OF SALEM, a municipal corporation of the State of New Jersey; the City of Salem Police Department; Leon F. Johnson, Mayor; and Harold G. May, Chief of Police, Defendants.**

**Civil Action No. 94–4191 (JBS).**

United States District Court,
D. New Jersey.

Jan. 16, 1996.

See also 934 F.Supp. 643.

Sylvia E. Hall, Hall & Associates, P.C., Deepwater, New Jersey, for plaintiff.

David J. Puma, Waters, Sherman & Puma, P.A., Salem, New Jersey, for defendants.

### *OPINION*

SIMANDLE, District Judge:

This matter was previously before this court upon the motion of defendants, City of Salem, City of Salem Police Department, Leon Johnson, and Harold May, for summary judgment, pursuant to Fed.R.Civ.P. 56,

---

seeking dismissal of plaintiff Jimmy L. Watson's thirteen count Complaint asserting various causes of action under both federal and state law. Pursuant to an Opinion and Order dated November 9, 1995, 934 F.Supp. 643, this court granted defendants' motion for summary judgment and imposed sanctions under Fed.R.Civ.P. 11 against plaintiff's attorney, Sylvia Hall, Esquire, for failing to adequately investigate the facts and legal issues underlying plaintiff's Complaint.

In the November 9, 1995 Opinion, this court concluded that "it is clear that even a small degree of investigation or research would have forced Plaintiff's counsel to reconsider her decision to file the Complaint commencing this action in the manner that she did." Opinion and Order, dated November 9, 1995, at 663. The court further concluded that "at no time did plaintiff's counsel ever demonstrate that defendants acted improperly in any manner or that there was any basis in fact for the alleged conspiracy," id. at 663, as well as that "[t]he bulk of plaintiff's claims were foreclosed by operation of law." Id. The court ultimately concluded that Rule 11 sanctions were necessary for deterrent purposes as "[m]uch public expense has been incurred by these defendants to meet the charges of plaintiff's baseless vendetta," and because previous monetary sanctions for disobeying discovery orders had been insufficient to deter plaintiff's counsel's continuing misconduct. Id. at 664.

■ In this court's Order of November 9th, defendants' attorney, David Puma, Esquire, was required to submit an Affidavit detailing his costs and fees associated with defending against Mr. Watson's complaint. As the purpose of Rule 11 is to deter wrongful attorney conduct and not to act as a general fee shifting statute, see Cooter & Gell v. Hartmarx Corp., 496 U.S. 384, 393, 110 S.Ct. 2447, 2454, 110 L.Ed.2d 359 (1990), Ms. Hall was then granted seven days to object to the submission of Mr. Puma, as well as present any evidence of "mitigating factors that should be considered by this court in determining the final amount of the Rule 11 sanction." Opinion and Order, dated November 9, 1995, at 666 n. 16 (citing Doering v.

Union County Bd. of Chosen Freeholders, 857 F.2d 191, 195–96 (3d Cir.1988)). Specifically, this court requested information pertaining to Ms. Hall's financial resources, such that any potential award of fees would be reduced in accordance with her ability to pay. See id. at 196 (requiring record evidence of counsel's ability to pay in order to properly determine the amount of the Rule 11 sanction).

■ Anticipating that the award of fees against Ms. Hall would be reduced based upon her inability to pay, Mr. Puma filed a motion, returnable December 15, 1995, seeking to have any fees and costs not covered by the Rule 11 sanction assessed against plaintiff, Mr. Watson, pursuant to 42 U.S.C. § 1988. Accompanying that motion, and filed in a timely manner on November 21, 1995, was Mr. Puma's Certification of Costs and Fees, as required by the November 9, 1995 Order. Mr. Puma, pursuant to that Certification, sought fees and costs in the amount of $8,028.00, reflecting his work on the instant action. The aggregate amount is based upon 70.50 hours of attorney time billed by Mr. Puma, pursuant to an agreement with Salem City, at $100.00 per hour. The amount also includes 52.60 hours of paralegal time, billed at $30.00 per hour, and costs of $100.00. The aggregate figure of $8,028.00 properly excludes the amount, $700.00 in total, that Ms. Hall has already been sanctioned by Magistrate Judge Joel B. Rosen for violations of assorted discovery and scheduling Orders. See Opinion and Order, dated November 9, at 651–652. After reviewing the Certification submitted by Mr. Puma and examining the individual entries found therein, this court concludes that his request for costs and fees is entirely reasonable.

Ms. Hall failed to appropriately respond or otherwise present objections to Mr. Puma's Certification of Fees and Costs. On December 5, 1995, Ms. Hall corresponded with this court and stated that because of her financial situation as a solo practitioner and illness during the spring of 1995 which had temporarily cause her to limit her time, she was incapable of paying the amount requested by

Mr. Puma.[1] Subsequently, Ms. Hall failed to respond in a timely manner to Mr. Puma's motion seeking fees against her client, Mr. Watson, pursuant to section 1988. By letter dated December 7, 1995, this court notified Ms. Hall that argument would be heard on the amount of the Rule 11 sanction as well as the motion for fees under section 1988 on December 18, 1995. In that letter, this court reiterated its request that Ms. Hall provide the court with "any financial documentation necessary to support her contention that she is unable to pay the full amount of the award," (Letter from Jerome B. Simandle, U.S.D.J., to Sylvia Hall, dated December 7, 1995), so that this court could properly calibrate the Rule 11 sanction, if any, to her ability to pay. No such financial information was forthcoming. Finally, via letter dated December 14, 1995, Ms. Hall proffered plaintiff's untimely response, which the court nonetheless considered, to Mr. Puma's request for fees pursuant to section 1988.

Oral argument was conducted by this court on December 18, 1995. Again at oral argument the court invited Ms. Hall to submit some sort of documentation of her financial status (assets and income) under seal for the court's consideration. Despite three specific requests by this court, twice written and once orally at the hearing, and being afforded numerous weeks to compile the requisite information, Ms. Hall once again failed to provide this court with any documentary information regarding her ability to pay Rule 11 sanctions. Instead Ms. Hall elected to rely on her assertions in court that as a solo practitioner, she was unable to pay the full amount of the Rule 11 sanctions.[2] Ms. Hall's assertions, unsupported by any personal financial documentation, are simply unavailing and insufficient to support a reduction of the $8,028.00 requested by Mr. Puma.[3] Similarly, Mr. Puma's statement of fees and costs expended herein is reasonable. Accordingly, this court, in light of Ms. Hall's repeated failure to provide any financial documenta-

---

1. In her letter of December 5, 1995, Ms. Hall actually contends Mr. Puma *failed* to include certain hours that he reported to Judge Rosen as billed on the matter, "even though he certifies the compilation represented all time 'billed' in the case to City of Salem." (Letter from Sylvia Hall, Esquire, to Jerome B. Simandle, U.S.D.J., dated December 5, 1995). To the extent that Ms. Hall is challenging the veracity of Mr. Puma's Certification, she has presented no evidence challenging any individual billing entry found in the Certification as improper.

2. At oral argument, Ms. Hall repeatedly attempted to challenge the underlying basis for the award of Rule 11 sanctions irrespective of the fact that this particular challenge was expressly prohibited by this court's November 9th Opinion and December 7th letter. Ms. Hall's opposition to defendants' Rule 11 motion had already been considered in the November 9th Opinion and Order granting Rule 11 sanctions, which left open only the issue of quantum of monetary sanctions and which invited Ms. Hall to compile financial information such as recent tax returns for the court's inspection if she claimed inability to pay. Even after the three hour hearing, this court remains convinced that Ms. Hall possessed no facts to support her theory that white police officers with prior felonies remained on the force while Mr. Watson was dismissed, or that Chief May and Mayor Johnson conspired to hire and fire Mr. Watson to somehow appease the City of Salem's black community. When queried as to the specifics of the conspiracy allegedly perpetrated against her client, neither Ms. Hall nor

Mr. Watson, as this court had previously concluded, were able to proffer any facts to support this baseless charge. Ms. Hall also attempted to question the timeliness of the Rule 11 request under Fed.R.Civ.P. 11(c)(1)(A). This argument, however, is meritless, as this court determined in its November 9th Opinion that Ms. Hall was provided the proper opportunity to withdraw or correct her complaint and declined to do so. *See* Opinion and Order, dated November 9, 1995, at 661 n. 15. The timeliness of the Rule 11 filing was confirmed at the hearing, whereby it was demonstrated by defendants' counsel that Ms. Hall received service of a motion containing argument for sanctions under Rule 11 on or about August 21, 1995 and the Rule 11 motion was filed with this court on October 6, 1995, well beyond the twenty-one day window mandated by the Rule.

3. At oral argument, Ms. Hall challenged Mr. Puma's request for fees at the rate of $100.00 per hour as excessive. Taking into account Mr. Puma's experience as a litigator, and the hourly rate awarded by other courts in this district under Rule 11, this court finds Mr. Puma's $100.00 hourly rate eminently reasonable. *See Napier v. Thirty or More Unidentified Federal Agents,* 855 F.2d 1080, 1093 (3d Cir.1988) (affirming attorney's fees at a rate of $100.00 per hour for the U.S. Attorney); *Wei v. Bodner,* No. 89–1137, 1992 WL 165860, *5–6 (D.N.J. April 8, 1992), aff'd, 983 F.2d 1054 (3d Cir.1992) (awarding Rule 11 attorney's fees at a rate of $175.00 per hour).

tion to support her claims, is compelled, for deterrent purposes, to grant Mr. Puma's request for fees and costs totalling $8,028.00. Because the Rule 11 sanction encompasses the entirety of the fees and costs sought by defendants, defendants' motion for fees against Mr. Watson personally pursuant to 42 U.S.C. § 1988 is hereby denied as moot.